Howard M. SCHWARTZ, and Jerrie Schwartz,
Plaintiffs-Appellants,

v.

FEDERATED REALTY GROUP, INC., a
Wisconsin corporation, and Central Mortgage
Corporation, a Wisconsin corporation,
Defendants-Respondents.

Court of Appeals

*No. 88–1275. Submitted on briefs November 30, 1988.—Decided
December 22, 1988.*

(Also reported in 436 N.W.2d 34.)

On behalf of the plaintiffs-appellants the cause was submitted on the briefs of *Paul F. Reilly* of *Hippenmeyer, Reilly & Moodie, S.C.,* of Waukesha.

On behalf of the defendant-respondent the cause was submitted on the brief of *Robert A. Carroll* and *Jane E. Miller* of *Levy & Levy S.C.,* of Cedarburg.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.    Howard and Jerrie Schwartz (Schwartzes) appeal from a judgment dismissing their complaints against Federated Realty Group, Inc. and Central Mortgage Corporation (Central) for failure to state a claim for relief. The Schwartzes' complaints alleged that Central's failure to timely process their mortgage loan application constitutes negligence and a breach of contract.[1] We affirm the trial court's dismissal

---

[1]The Schwartzes' first complaint alleged negligence and breach of fiduciary duty. Both compensatory and punitive damages were demanded. The amended complaint alleged the breach of contract cause of action. The fiduciary duty and punitive damages claims are not before us on appeal.

of the negligence claim. We reverse the court's dismissal of the breach of contract claim. We remand for further proceedings on this claim.

The essential allegations of the Schwartzes' complaints as they relate to the negligence and breach of contract claims are as follows: while living in Toronto, Canada, the Schwartzes entered into an offer to purchase a residence located in Brookfield, Wisconsin. The offer established a closing date of September 15, 1986 and was contingent upon the Schwartzes obtaining a mortgage loan with specified financing conditions. The Schwartzes paid $2500 as earnest money pursuant to the offer.

On August 15, 1986, the Schwartzes submitted a written mortgage loan application to Central. The application was accompanied by the Schwartzes' unrefundable $275. Central was made aware of the September 15 closing date. The Schwartzes provided relevant financial information in their application. Subsequent to the application, the Schwartzes contacted Central several times inquiring as to the status of the application and whether any additional information was needed. On August 22, 1986, Central told the Schwartzes that all information needed to process the loan application was received and that the Schwartzes should expect a decision within several days. Relying on these representations, the Schwartzes vacated their home in Toronto, warehoused their belongings, and moved to a Milwaukee motel.

On Friday, September 12, three days before the scheduled closing, the Schwartzes were advised by Central that copies of their tax returns were needed before a decision on the loan application could be made. The Schwartzes responded that it was not possible to obtain these copies before the scheduled closing, the

following Monday. The closing did not take place. The offer was cancelled and the Schwartzes forfeited their $2500 earnest money payment.

On September 18, after the scheduled closing, the Schwartzes received a letter from Central requesting certain additional financial information, including the tax returns.

## NEGLIGENCE

The trial court dismissed the Schwartzes' negligence cause of action for failure to state a claim upon which relief can be granted. Sec. 802.06(2)(f), Stats. The Schwartzes argue that this was error under *Hardscrabble Ski Area, Inc. v. First Nat'l Bank,* 42 Wis. 2d 334, 166 N.W.2d 191 (1969). We disagree.

The facts of *Hardscrabble* are different from those here. In *Hardscrabble,* the defendant bank had agreed to participate in the customer's Small Business Administration (SBA) loan. Moreover, the bank reaffirmed its agreement when the loan ceiling was raised at the suggestion of the SBA. The issue in *Hardscrabble* was whether the bank's delay in disbursing the loan proceeds was actionable. That is not the issue here.

More importantly, however, *Hardscrabble* expressly holds that the conduct in that case was not actionable in negligence. *Id.* at 344, 166 N.W.2d at 196. Rather, the court concluded that any negligence traveled to a breach of contract claim. *Id.* Beyond *Hardscrabble,* the Schwartzes cite no other authority, and we know of none, for their claim that a financing institution owes a duty recognized in tort to timely process a loan application. The trial court correctly dismissed this claim.

## BREACH OF CONTRACT

In dismissing the Schwartzes' breach of contract claim, the trial court appears to have relied principally upon the fact that Central did not agree to make a mortgage loan to the Schwartzes. We agree with this statement. However, the Schwartzes' complaint is not that Central failed to approve the application. Rather, they contend that the agreement between the parties was for a timely processing of the application in light of Central's awareness of the closing deadline and its reassurances to the Schwartzes that all requisite information was in hand. Therefore, the court's rationale does not squarely address the Schwartzes' contention.

As noted above, *Hardscrabble* holds that the type of action alleged by the Schwartzes, if properly pled, sounds in contract. *See also Kukuska v. Home Mut. Hail-Tornado Ins. Co.,* 204 Wis. 166, 173, 235 N.W. 403, 405 (1931). We therefore look to the Schwartzes' allegations. In so doing, we bear in mind that when testing the sufficiency of a complaint, the facts as pled and all reasonable inferences therefrom, are accepted as true. *Prah v. Maretti,* 108 Wis. 2d 223, 229, 321 N.W.2d 182, 186 (1982). Whether a complaint states a cause of action is a question of law which we determine without deference to the trial court's ruling. *Garvey v. Buhler,* 146 Wis. 2d 281, 290, 430 N.W.2d 616, 620 (Ct. App. 1988).

Here the parties did not enter into a written agreement. However, under such circumstances an implied contract in fact can exist. *Kukuska,* 204 Wis. at 173, 235 N.W. at 405.[2] *See also Theuerkauf v. Sutton,*

---

[2]*Kukuska v. Home Mut. Hail-Tornado Ins. Co.,* 204 Wis. 166, 235 N.W. 403 (1931), speaks of this type of action sounding in quasi-

102 Wis. 2d 176, 183, 306 N.W.2d 651, 656 (1981). *Kukuska* is particularly instructive because it holds that under certain circumstances and absent a written agreement, an *application* can create a contractual duty to act with dispatch.

■

Accepting all the allegations of the Schwartzes' complaint and adopting all reasonable inferences therefrom as true, we conclude that a cause of action for breach of an implied contract in fact to timely process the application is stated against Central. The complaint alleges that Central accepted the Schwartzes' mortgage loan application and $275 fee with knowledge of the impending closing date. Subsequently, Central gave assurances to the Schwartzes that all requisite information was received and that a decision would shortly be forthcoming. If the application had been denied during this time period, the Schwartzes could have explored other financing alternatives. We deem these allegations sufficient to state a claim upon which relief can be granted.

No costs to either party.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded.

---

■

contract. Such contracts, strictly speaking, are properly reserved for unjust enrichment situations. *See Black's Law Dictionary* 1120 (5th ed. 1979). Neither *Kukuska* nor this case presents an unjust enrichment situation. Rather, the correct designation is "implied contract in fact." *See Black's Law Dictionary,* supra, at 292–93. Such agreements are express contracts. A.L. Corbin, *Corbin on Contracts* sec. 18 (1963).